1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   STEVEN SCHUSSLER and              Case No. 07CV2016IEG AJB
     SCHUSSLER CREATIVE, INC.,
12
                       Plaintiffs,     **TEMPORARY RESTRAINING ORDER
13                                      AND ORDER TO SHOW CAUSE RE
        vs.                             PRELIMINARY INJUNCTION**
14
     J. FRANK WEBSTER, aka "MR.
15   HOT DOG," aka "UNCLE
     FRANK,"
16
                       Defendants.
17

18

19        Plaintiffs STEVEN SCHUSSLER and SCHUSSLER CREATIVE,

20   INC., A Minnesota Corporation, ("SCHUSSLER") are before

21   this court with their Application For Temporary Restraining

22   Order And Notice Of Motion And Motion For A Preliminary

23   Injunction against Defendant J. FRANK WEBSTER, aka "MR. HOT

24   DOG," aka "UNCLE FRANK" ("WEBSTER").  The court having

25   considered the Application and the supporting points and

26   authorities and declarations on file with the court, and

27   being otherwise advised, **FINDS** that:

28        1.   SCHUSSLER CREATIVE, INC. is the owner of U.S.

220526-1.wpd                        -1-

1  Trademark Applications Serial Nos. 78/591560 for the "Hot

2  Dog Hall Of Fame" trademark for restaurant services, retail

3  store, and wholesale distributorship services;

4      2.   Defendant WEBSTER has engaged and is continuing

5  to engage in tortious acts interfering with the efforts of

6  SCHUSSLER to open restaurants under the name "Hot Dog Hall

7  Of Fame" in cities such as Sparks, Nevada and Kansas City,

8  Missouri;

9      3.   Defendant WEBSTER has contacted SCHUSSLER's

10 business partners, its prospective business associates, and

11 municipal officials, accusing SCHUSSLER of infringing on

12 his alleged rights to the use of the name "Hot Dog Hall Of

13 Fame" and defaming plaintiff STEVEN SCHUSSLER's character

14 and accusing him of attempting to steal the concept and

15 name of HOT DOG HALL OF FAME from him;

16     4.   Absent a court order, Defendant's conduct will

17 likely continue;

18     5.   Plaintiffs have demonstrated a likelihood of

19 success on the merits in this action;

20     6.   There is a likelihood of irreparable injury to

21 plaintiffs if this Order is not entered;

22     7.   The balance of hardships favors Plaintiffs; and

23     8.   Public policy favors the injunction.

24

25     IT IS THEREFORE ORDERED that plaintiffs' Application

26 for Temporary Restraining Order is **GRANTED** and defendant

27 WEBSTER and his officers, agents, employees, independent

28 contractors, or other persons acting under his supervision

1  or control or at their request are temporarily enjoined

2  from:

3       1.   Sending e-mails, letters, or other correspondence

4            to current or prospective business associates of

5            plaintiffs, or making verbal statements to such

6            persons, or posting materials on a website, which

7            state or imply that plaintiffs have stolen,

8            misappropriated, or infringed upon intellectual

9            property allegedly belonging to defendant

10           relating to the Hot Dog Hall Of Fame; and

11      2.   Sending e-mails, letters, or other correspondence

12           to any person, business, corporation, city,

13           municipality, or any representative of a city or

14           municipality, or making verbal statements to such

15           persons, which state or imply that plaintiffs

16           have stolen, misappropriated, or infringed upon

17           intellectual property allegedly belonging to

18           defendant relating to the Hot Dog Hall Of Fame.

19     IT IS FURTHER ORDERED that Defendant shall take

20 affirmative steps to ensure that all of his officers,

21 agents, members, employees, independent contractors, or

22 other persons acting under his supervision and control or

23 at their request receive a copy of this temporary

24 restraining order and are appropriately advised as to its

25 terms and conditions, and shall file an advice or

26 certification of counsel or other appropriate notice with

27 the court confirming that this has been completed by

28 November 7, 2007.

1    IT IS FURTHER ORDERED that Defendants shall not delete

2  or destroy any evidence, including but not limited to

3  computer reproduced or saved data, or any other form of

4  evidence pertaining to defendant's contacts with

5  plaintiffs' business partners, prospective business

6  partners, or municipal officials dealing with plaintiffs'

7  efforts to open HOT DOG HALL OF FAME restaurants.

8    IT IS FURTHER ORDERED that this order shall become

9  effective on plaintiffs' posting of security in the amount

10 of $5,000.00 pursuant to Rule 65(c), Fed.R.Civ.P.

11   IT IS FURTHER ORDERED that this Order shall expire on

12 November 15, at 5:00 p.m., unless the Order, for good cause

13 shown, is extended, or unless the parties consent to the

14 Order being extended for a longer period.

15   IT IS FURTHER ORDERED that Defendant WEBSTER appear

16 before this Court on the 13th day of November, 2007, at

17 10:30 a.m. and show cause why a preliminary injunction

18 should not issue extending during the pendency of this

19 action the temporary orders set forth above.  Defendant

20 Webster shall file a response on or before November 7,

21 2007.

22   IT IS FURTHER ORDERED that Plaintiffs will provide a

23 copy of this Order to defendant WEBSTER as soon as possible

24 but not later than November 1, 2007.

25

**DATED:  October 31, 2007**

26

27                    _____
                       **IRMA E. GONZALEZ, Chief Judge**
                       **United States District Court**

28