```
 1  James P Collins
    Cotkin & Collins
 2  200 West Santa Ana Blvd. Suite 800
    PO Box 22005
 3  Santa Ana, Ca. 92702-2005

 4  David T Schultz
    Maslon, Edelman, Borman & Brand
 5  3300 Welss Fargo Center
    90 South Seventh Street
 6  Minneapolis, Minnesota 55402-4140
```

FILED
08 AUG -8 AM 9:48
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:                     DEPUTY

NUNC PRO TUNC
AUG - 4 2008

United States District Court

Southern District of California

| | |
|---|---|
| Steven Schussler and Schussler Creative, Inc,<br><br>    Plaintiff,<br><br>    vs.<br><br>J Frank Webster, Mr. Hot Dog, Uncle Frank,<br><br>    Defendant | Case No.: No. 07 CV 2016IEG<br><br>Defendant's response to Plaintiff's Request for Summary Judgment and Permanent Injunction |

I, J Frank Webster, took 2 semesters of Business Law (University of Maryland, Extension Division, Cigli Air Force Base, Izmir, Turkey) in the fall of 1966 and spring of 1967, receiving an "A" for my efforts. The class was taught by a brilliant attorney / mentor and I had seriously considered taking up Law at the time.

Unfortunately, in 2008, I am unable to properly represent myself due to a number of factors such as poor eyesight, declining health and the relatively recent inability to entertain complex thoughts longer than a simple sentence or two. For instance, I am unable to comprehend anything from the law book I bought when this case began and I hereby formally petition the court to provide me with legal representation.

1  Additionally, I petition the court to deny Plaintiff's motion for Summary Judgment due
2  to my inability to properly represent myself, as well as the fact that I am unable to
3  understand much of what is being said, can not afford or attract legal representation
4  and should point out that if this proceeding were in a foreign language, a court
5  appointed interpreter would be provided.
6
7  It is my contention that Legalese IS a foreign language and I am at a distinct
8  disadvantage here (with my level of comprehension, the attorneys might as well be
9  speaking Latin) and request the court to level the playing field, grant me a trial
10 with adequate legal representation and let me tell my story to the jury.
11
12 And although I have presented over 150 documents to demonstrate our claims to our
13 intellectual properties (the concept, name, URL, etc), all the way back to at least
14 June 1, 1978, I see no actual evidence presented by Plaintiff to show any financial
15 losses or how his claim on our intellectual properties somehow supersedes ours.
16
17 Were he granted this motion, would it not be the equivalent of a car thief spending a
18 lot of money for a new paint job on a stolen car and then claiming the court should
19 award the title to him as he foolishly spent his money on someone else's property?
20
21 Or is Plaintiff claiming some sort of Eminent Domain over our intellectual property,
22 asking the court to do for them what they cannot accomplish otherwise? If so, doesn't
23 that require some sort of fair payment? And as we both seem to agree that this is a
24 Million Dollar Concept, we think that would be a fair offer from Plaintiff.
25 .
26 And if I were able to adequately represent myself, wouldn't it be natural that I file
27 a counter claim against Plaintiff, who has damaged us far more severely than anything
28 we could possibly ever inflict on him?

And we have had a business plan before (they change with each new potential investor, the property involved, different times of the business cycle, etc) and had we had an investor in our sights, yes, we would have one now (and isn't that why we approached Plaintiff in the first place, back in 2000?).

Isn't this issue a complete waste of the court's time, essentially a frivolous lawsuit which enables Plaintiff to drain my resources (we recently filed for Food Stamps and will be filing our bankruptcy papers soon, thanks to Plaintiff's reckless actions), to legally encumber me, to prevent me from telling everyone about what he is doing to us, to prevent us from ever getting funding for The REAL Hot Dog Hall Of Fame and to ultimately steal a life time of our work and our retirement jobs?

And, as stated in our first Cease & Desist demand letter to Plaintiff, back in 2000, his iteration of our concept is "so similar as to be misleading and confusing" and we can produce a number of messages demonstrating exactly this point, some from old friends, some from relatives (even our son sometimes makes this mistake) and lastly, when RED Development recently posted OUR web site link on THEIR web site (June 2008).

And we should also inform the court that we recently found several more messages which it may want to see, relevant to these issues. One clearly establishes the date and time of our meeting (and other relevant details) and another is an unopened email message from someone named John Provo (as I attested to during the video deposition).

We should also point out that The Official Seal (clearly identifying the newsletter as "Approved by The Hot Dog Hall Of Fame") and our web site link are at the very bottom of ALL of the email version of "The Frankfurter Chronicles" and also in almost every issue of the print version (space permitting) and that our WeenieGrams actually overlapped the transition from print version to email version and continue to this

day. We should also mention the newsletter is sent to a number of people within the industry, whose names you'd recognize (but we are not at liberty to disclose).

Furthermore, Plaintiff's attorneys trivializing and minimizing what we do here is merely their OPINION, not actual fact. That's what they do and they've really only been shown a small percentage of it all (deliberately), but enough so that a prudent person (juror) would deem it to be a preponderance of the evidence.

What isn't addressed is the public aspect of what we do and hope to accomplish, such as the archives and data base to make this available to the public, affiliate groups, schools, etc. That's also why we won't charge money for access to see the collection or for the few public events we sponsor, etc. We plan to make money selling hot dogs, selling various art pieces on consignment and marketing a complete line of merchandise at the restaurant when it opens and can hardly expect others to support us until then.

Plaintiff's attorneys would also have the court believe this is a hobby but we've spent 32 years and a lot of our hard earned money in this pursuit and yet we do not eventually expect some kind of return on our money, time and efforts? I think not.

Nor do we have $3,000,000 to pump into someone else's concept or the nerve to think we could get away with it, much less have a team of attorneys on retainer, just in case.

And sure, we are not generating any revenue AT THE MOMENT (neither is Plaintiff) but so what? It's our intellectual property, concept, name and URL, not his…

Plaintiff's attorneys also seem to believe that this is only about our direct family and a few friends yet you can count over 200 people named in just the few examples of

1  the newsletter submitted (less than 10% of what is in our files), nor do they seem to
2  recognize the almost 50 very well known hot dog stands, etc linked to our web site.
3
4  I request that this case be dismissed as frivolous for these reasons alone.
5
6  Finally, as I can not quote the law, am incapable of basic legal research, finding
7  precedent and unable to locate legal representation, it's been me against Plaintiff's
8  attorneys, his wealth and my absolute lack of legal acuity all along, I petition the
9  court to send this case to a jury and provide us with adequate legal representation if
10  the court does not see fit in dismissing it as frivolous.

Dated this 4th day of August, 2008

J Frank Webster
The Hot Dog Hall Of Fame
1502 Via Elisa
El Cajon, Ca. 92021