JAMES P. COLLINS, JR. (SBN 47608)
COTKIN & COLLINS
A PROFESSIONAL CORPORATION
200 West Santa Ana Blvd., Suite 800
P.O. Box 22005
Santa Ana, CA 92702-2005
Telephone:    (714) 835-2330
Facsimile:    (714) 835-2209
Email:        jpc@cotkincollins.com

DAVID T. SCHULTZ (Minnesota State Bar #169730)
MASLON EDELMAN BORMAN & BRAND LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
Telephone: (612)672-8200
Facsimile:  (612) 672-8397
Email: David.Schultz@maslon.com

Attorneys for Plaintiffs STEVEN SCHUSSLER
and SCHUSSLER CREATIVE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SCHUSSLER and SCHUSSLER CREATIVE, INC.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>J. FRANK WEBSTER, aka "MR. HOT DOG," aka "UNCLE FRANK,"<br><br>    Defendants. | Case No. 07CV2016IEG AJB<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>(Supplemental Declaration of Steven Schussler filed and served concurrently herewith)<br><br>DATE:  August 18, 2008<br>TIME:  10:30 a.m<br>PLACE:  . Courtroom 1 |

**I.   INTRODUCTION**

J. Frank Webster's Response to Steven Schussler and Schussler Creative's Motion for Summary Judgment presents no facts that can even colorably justify sending this case to a jury. After taunting Schussler Creative and begging Mr.

-1-

227691-1.wpd

Schussler to sue him, Mr. Webster cannot now be heard to mewl about how he cannot defend himself in litigation. Further, his substantive response — that he has additional facts which he has purposely concealed from Schussler Creative, but which supposedly substantiate his ownership of "The Hot Dog Hall of Fame" — creates no genuine issue of material fact for trial. Accordingly, Steven Schussler and Schussler Creative (collectively "Schussler") are entitled to summary judgment on their claims for declaratory relief, defamation, and tortious interference.

## II.  ARGUMENT

### A.  Mr. Webster's Proffer of Additional Documents Is Insufficient to Create a Genuine Issue of Material Fact for Trial.

In opposing a motion for summary judgment, the non-moving party must provide admissible evidence that demonstrates its entitlement to a trial on the merits. Fed. R. Civ. P. 56(e); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Disputes over irrelevant facts cannot preclude a grant of summary judgment. *T.W. Elec. Serv.*, 809 F.2d at 630.

Here, Mr. Webster has failed to set forth any relevant facts that entitle him to a trial on the merits on any of Schussler's claims. As a primary matter, Mr. Webster has neglected to properly submit evidence to the Court — he has not produced any of the alleged documents that support his position, nor has he offered a signed affidavit to support any of his factual attestations. However, even if the Court were to treat Mr. Webster's filing as if it were a proper

1 affidavit, Mr. Webster's submission would still not defeat
2 summary judgment.
3     Mr. Webster has attempted to offer the following
4 additional facts: (1) that he has "had a business plan before
5 (they change with each new potential investor, the property
6 involved, different times of the business cycle, etc.)"; (2)
7 that he can produce messages from old friends and relatives
8 proving that Schussler's Hot Dog Hall of Fame is "so similar
9 as to be misleading and confusing"; (3) that in June 2008 Red
10 Development mistakenly posted a link to Mr. Webster's web
11 site on its web site; (4) that Mr. Webster can produce
12 messages establishing the date and time of his meeting with
13 Steve Schussler, as well as an unopened e-mail from Maslon
14 attorney John Provo (it is unclear what the unopened e-mail
15 relates to); (5) that the official seal, "Approved by The Hot
16 Dog Hall of Fame," and Mr. Webster's website link, are
17 printed on e-mail versions of "The Frankfurter Chronicles"
18 and on some of the Weeniegrams; and (6) that the newsletter
19 is sent to "a number of people within the industry, whose
20 name's you'd recognize (but we are not at liberty to
21 disclose)."  (Response Brief at p. 3-4.)
22     These "facts" are irrelevant to Schussler's summary
23 judgment motion.  Accepting each of these "facts" as true,
24 Schussler remains entitled to summary judgment on its claims
25 for declaratory relief, defamation, and tortious
26 interference.
27 ///
28 ///

### 1. Schussler Creative Is Entitled to Summary Judgment on its Claim for Declaratory Relief.

Even if taken as true, Mr. Webster's additional facts do not provide any evidence that Mr. Webster has made a bona fide use of "The Hot Dog Hall of Fame" in commerce. *See Brookfield Comm., Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1051 (9th Cir. 1999) (stating that the touchstone of trademark rights is actual use of the alleged mark **in commerce**). First, the fact that, contrary to his deposition testimony, Mr. Webster has had "business plans" is not evidence of his use of "The Hot Dog Hall of Fame" in commerce, particularly since Mr. Webster has failed to link those "business plans" to any commercial activity. Second, Mr. Webster's evidence that his family and friends believe that Schussler Creative's use of Hot Dog Hall of Fame is confusing to Mr. Webster's does nothing to establish use in commerce. In a trademark dispute confusion (or likelihood of confusion) is relevant to demonstrating infringement of one's trademark rights but does not establish the existence of trademark itself, which is the issue here. Unless Mr. Webster can demonstrate a bona fide use of the mark in commerce (and he cannot), it matters not whether his followers confuse his "Hot Dog Hall of Fame" with Schussler's legitimate business activities. For this reason, it is also irrelevant that Red Development mistakenly inserted a link to

///

///

///

Mr. Webster's webpage on its web site.¹ Fourth, the date and time of Schussler's meeting with Mr. Webster is also irrelevant to Mr. Webster's "use in commerce." Fifth, Mr. Webster's inclusion of "Approved by The Hot Dog Hall of Fame" on Weeniegrams and in the Frankfurter Chronicles does not demonstrate commercial use, since the Weeniegrams and the Frankfurter Chronicles are not commercial in nature. Finally, Mr. Webster's assertion that the newsletter is sent to a number of unnamed people in "the industry" does nothing to establish commercial use because, as previously stated, the newsletter is not commercial. Because Mr. Webster's proffered facts — even if taken as true — do not provide evidence that Mr. Webster has used "The Hot Dog Hall of Fame" in commerce, his assertions are irrelevant to Schussler Creative's request for declaratory relief.

The undisputed facts establish that Mr. Webster has no trademark rights in "The Hot Dog Hall of Fame." Mr. Webster does not dispute the fact that he has never sold goods or services that use or display "The Hot Dog Hall of Fame." Nor has he provided any facts to establish that his non-sales activity has vested him with trademark rights in "The Hot Dog Hall of Fame." It is not enough that Mr. Webster "plan[s] to make money selling hot dogs, selling various art pieces on consignment and marketing a complete line of merchandise." (Response Brief at p. 4.) *See Brookfield*, 174 F.3d at 1051

---

¹ Although Schussler Creative has been unable to confirm whether Red Development did in fact mistakenly create a link to Mr. Webster's website, for purposes of this motion Schussler Creative will treat this allegation as if it were true.

1  (stating that trademark rights are obtained only through "the
2  bona fide use of a mark in the ordinary course of trade, and
3  not [use] made merely to reserve a mark").[2]
4      Because Mr. Webster has not provided any evidence from
5  which a jury could reasonably find that he has used "The Hot
6  Dog Hall of Fame" in commerce, Schussler Creative is entitled
7  to summary judgment on its claim for declaratory relief that
8  (1) Mr. Webster has no protectable trademark rights in "The
9  Hot Dog Hall of Fame;" (2) Schussler Creative is not
10 infringing any trademark rights owned by Mr. Webster; and (3)
11 Mr. Webster's use of the phrase "The Hot Dog Hall of Fame"
12 cannot prevent Schussler creative's use of the name Hot Dog
13 Hall of Fame for its restaurants.

    **2.  Schussler is Entitled to Summary Judgment on his Defamation Claim.**

16   Mr. Webster has not responded to Mr. Schussler's request
17 for summary judgment on his defamation claim. Because he has
18 offered no evidence demonstrating a disputed issue of
19 material fact on this claim, Mr. Schussler is entitled to
20 summary judgment.
21 ///
22 ///
23 ///

---

[2] Mr. Webster makes fleeting reference to the issue of revenue: "And sure, we are not generating any revenue AT THE MOMENT (neither is Plaintiff) but so what?" (Response Brief at p. 4.) Schussler Creative will open its first Hot Dog Hall of Fame restaurant on Wednesday, August 13, 2008, at the Mohegan Sun Casino at Pocono Downs, Wilkes-Barre, PA. (Supplemental Declaration of Steven Schussler, dated August 11, 2008, ¶ 2.)

       **3.   Schussler Creative is Entitled to Summary Judgment on its Tortious Interference Claims.**

Mr. Webster has also failed to respond to Schussler Creative's request for summary judgment on its tortious interference claims. Accordingly, Schussler Creative is entitled to summary judgment on those claims.

**III.     THIS COURT SHOULD NOT HANDLE MR. WEBSTER WITH "KID GLOVES" MERELY BECAUSE HE IS A *PRO SE* LITIGANT.**

Although it may go without saying, Mr. Webster's lack of legal prowess does not entitle him to special treatment. Although courts are generally more solicitous of the rights of *pro se* litigants, they "should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).[3] This is particularly true where the pro se litigant's position is meritless. *See Ostheimer v. Gall*, No. 91-35322, 1992 WL 125337, at *1 (9th Cir. June 8, 1992) (attached as Exhibit 1 to the Affidavit of JoLynn Markison).

From the beginning of this conflict, Mr. Webster has egged Schussler Creative on, daring it to file a lawsuit against him. (Declaration of Steven Schussler, dated June

---

[3] Where courts do grant *pro se* litigants greater latitude, it is in relation to their conformance with procedural rules, rather than in consideration of the merits of the case. *See Borzeka v. Heckler*, 739 F.2d 444, 448 n. 2 (9th Cir. 1984) (indicating that courts should be lenient on *pro se* litigants when considering whether to dismiss a case for lack of proper service of process). Here, if any latitude is called for at all, it should be limited to the Court's consideration of Mr. Webster's improper submission of additional "facts." Certainly, Mr. Webster is not entitled to court-appointed legal counsel.

26, 2008, ¶ 22; Plaintiff's Exhibits 7 and 10.)  His current plea to the Court that he is "incapable" of defending himself is ironic (to say the least), given the fact that he spent so much time goading Schussler Creative into suing him. Further, Mr. Webster has admitted several times in his Response Brief that he has intentionally withheld evidence from Schussler Creative during the course of this litigation:

- "the newsletter is sent to a number of people within the industry, whose names you'd recognize (**but we are not a liberty to disclose**);
- "they've [Schussler Creative's attorneys] really only been shown a small percentage of it all (**deliberately**);
- "you can count over 200 people named in just the few examples of the newsletter submitted (**less than 10% of what is in our files**).

(Response Brief at p. 4-5.)  It is at Mr. Webster's own peril that he has refused to turn over "evidence" in support of his position.[4]  Mr. Webster's conduct — both before and during this litigation — is not excused simply because he is without legal representation.  *Pro se* litigant or not, Mr. Webster has utterly failed to provide facts from which a reasonable jury could find in his favor.  Accordingly, Schussler Creative is entitled to summary judgment on each of its claims against Mr. Webster.

///

---

[4] Even if Mr. Webster had turned over all of this "evidence," it would be irrelevant to Schussler Creative's claims.

## IV. CONCLUSION

For each of the foregoing reasons, Schussler respectfully requests that this Court grant its Motion for Summary Judgment and award damages incurred as a result of Mr. Webster's defamatory and tortious conduct. Schussler also requests that this Court enter judgment in Schussler's favor, declaring that (1) Mr. Webster has no protectable trademark right in his use of "The Hot Dog Hall of Fame"; (2) Schussler Creative is not infringing any trademark rights owned by Mr. Webster; and (3) Mr. Webster's use of the name "The Hot Dog Hall of Fame" cannot prevent Schussler Creative's use of the name Hot Dog Hall of Fame for its restaurants. Schussler further requests that this Court issue a permanent injunction against Mr. Webster, preventing him from republishing his defamatory statements or otherwise interfering with Schussler Creative's legitimate business enterprises.

DATED: August 11, 2008

JAMES P. COLLINS, JR.
COTKIN & COLLINS
A PROFESSIONAL CORPORATION

DAVID T. SCHULTZ
MASLON EDELMAN BORMAN
& BRAND LLP

By _____
James P. Collins, Jr.
Attorneys for Plaintiffs
STEVEN SCHUSSLER and SCHUSSLER CREATIVE, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, SUSAN BYRD, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 200 West Santa Ana Blvd., Suite 800, Santa Ana, California 92701.

On August 11, 2008, I served the foregoing **PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

J. FRANK WEBSTER                    DEFENDANT
1502 VIA ELISA DRIVE                mr.hotdog@cox.net
EL CAJON, CA  92021                 619 328-5893

| | |
|---|---|
| ✓ | **BY FIRST CLASS MAIL:** I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with first-class postage thereon fully prepaid. I am readily familiar with my employer's practice for the collection and processing of mail. Under that practice, envelopes would be deposited with the U.S. Postal Service that same day, with first class postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown in this proof of service. |
| | **BY FACSIMILE:** I caused the document to be transmitted by a facsimile machine compliant with Rule 2003 of the California Rules of Court to the offices of the addressees at the telephone numbers shown on the service list. |
| | **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the offices of the addressees. |
| | **BY FEDERAL EXPRESS:** I am readily familiar with my employer's practice for the collection and processing of FedEx packages. Under that practice, packages would be deposited with FedEx that same day, with overnight delivery charges thereon fully prepaid, in the ordinary course of business. |
| X | **(Federal Courts Only)** I declare that I am employed in the office of a member of the court at whose direction this service was made. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on August 11, 2008, at Santa Ana, California.

*/s/ Susan Byrd*
SUSAN BYRD