JAMES P. COLLINS, JR. (SBN 47608)
COTKIN & COLLINS
A PROFESSIONAL CORPORATION
200 West Santa Ana Blvd., Suite 800
P.O. Box 22005
Santa Ana, CA 92702-2005
Telephone: (714) 835-2330
Facsimile: (714) 835-2209
Email: jpc@cotkincollins.com

DAVID T. SCHULTZ (Minnesota State Bar #169730)
JOLYNN M. MARKISON (MN #0386876)
MASLON EDELMAN BORMAN & BRAND LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
Telephone: (612)672-8200
Facsimile:  (612) 672-8397
Email: David.Schultz@maslon.com
       Jolynn.markison@maslon.com

Attorneys for Plaintiffs STEVEN SCHUSSLER
and SCHUSSLER CREATIVE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SCHUSSLER and SCHUSSLER CREATIVE, INC.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>J. FRANK WEBSTER, aka "MR. HOT DOG," aka "UNCLE FRANK,"<br><br>          Defendants. | Case No. 07CV2016IEG AJB<br><br>AFFIDAVIT OF JOLYNN MARKISON IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND FOR A PERMANENT INJUNCTION<br><br>DATE: August 18, 2008<br>TIME: 10:00 a.m.<br>PLACE: Courtroom 1 |

///

**AFFIDAVIT OF JOLYNN MARKISON IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND FOR A PERMANENT INJUNCTION**

COUNTY OF HENNEPIN   )
                    )ss.
STATE OF MINNESOTA   )

I, JoLynn Markison, declare under penalty of perjury and state as follows:

1. My name is JoLynn Markison. I am an attorney duly licensed to practice law in the State of Minnesota.

2. I make this affidavit on the basis of my personal knowledge and in support of Steven Schussler and Schussler Creative, Inc.'s Motion for Summary Judgment.

3. Attached hereto as Exhibit 1 is a true and correct copy of *Ostheimer v. Gall*, No. 91-35322, 1992 WL 125337 (9th Cir. June 8, 1992).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Affidavit was executed this twelfth day of August, in the City of Minneapolis, County of Hennepin, Minnesota.

JoLynn Markison

Subscribed and sworn to before me this 12th day of August, 2008.

Notary Public



ALEXZANDRIA ANDOR NEUMILLER
Notary Public-Minnesota
My Commission Expires Jan 31, 2012



966 F.2d 1459
966 F.2d 1459, 1992 WL 125337 (C.A.8 (Minn.))
(Table, Text in WESTLAW), Unpublished Disposition
966 F.2d 1459,   (C.A.8 (Minn.))1992 WL 125337

Page 1

U.S. v. Walcott
C.A.8,1992
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA8 Rule 28A, FI CTA8 IOP and FI CTA8 APP. I for rules regarding the citation of unpublished opinions.)
United States Court of Appeals,Eighth Circuit.
UNITED STATES of AMERICA, Appellee,
v.
Larry WALCOTT, Appellant.
No. 92-1010.

Submitted: June 3, 1992.
Filed: June 10, 1992.

Appeal from the United States District Court for the District of Minnesota.
D.Minn.

AFFIRMED.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.
*1 Larry Walcott pleaded guilty to possessing approximately eight ounces of cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to imprisonment for thirty-three months. Walcott appeals his sentence, and we affirm.

The district court denied Walcott a two-level reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. Walcott asserts the district court denied him the reduction because he refused to admit he engaged in earlier controlled buys with the Government's confidential informant. Walcott argues the court thus violated his Fifth Amendment privilege against self-incrimination. We disagree.

The district court may reduce a defendant's offense level by two levels if the defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct."U.S.S.G. § 3E1.1(a). We review a district court's acceptance-of-responsibility decision for clear error.United States v. Laird, 948 F.2d 444, 446-47 (8th Cir. 1991). We have in the past upheld section 3E1.1 against a facial challenge under the Fifth Amendment.United States v. Lyles, 946 F.2d 78, 81-82 (8th Cir. 1991). We need not decide at this time whether conditioning the acceptance-of-responsibility reduction on a defendant's admission to earlier unindicted conduct violates the Fifth Amendment. After reviewing the record, we are persuaded the district court refused Walcott the reduction primarily because he downplayed his involvement in the offense to which he pleaded guilty.See United States v. Trussel, Nos. 91-1220/91-1318, slip op. at 8-9 (7th Cir. Apr. 14, 1992) (1992 WL 73610, at *5). Walcott denied he had sold drugs in the past. Although Walcott possessed the cocaine he was charged with distributing, Walcott stated he was merely doing a favor for a friend by acting as a middleman for the real seller. Walcott denied engaging in the monitored telephone conversations with the confidential informant setting up the purchase. Walcott also initially denied to authorities that he was going to sell the cocaine he was charged with distributing. We thus conclude the record supports the district court's denial of a reduction for acceptance of responsibility.See id. at 9; United States v. Contreras, 927 F.2d 1058, 1059 (8th Cir.), cert. denied,112 S. Ct. 349 (1991).

We also reject Walcott's contention that the district court misapplied the Guidelines by not departing downward from the applicable sentencing range under U.S.S.G. § 5K2.10 (victim's wrongful conduct) and U.S.S.G. § 5K2.12 (coercion and duress). Walcott argues the Government aggravated the offense by setting up a "large" drug transaction when he was at most a "small" dealer. Walcott concedes he was not legally entrapped but contends that an "incomplete" defense of entrapment can justify a departure. We rejected these arguments in United States v. Martinez, 951 F.2d 887, 889 (8th Cir. 1991), cert. denied,112 S. Ct. 1695 (1992).

*2 Accordingly, we affirm.

EXHIBIT 1

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

966 F.2d 1459      Page 2
966 F.2d 1459, 1992 WL 125337 (C.A.8 (Minn.))
**(Table, Text in WESTLAW), Unpublished Disposition**
**966 F.2d 1459, (C.A.8 (Minn.))1992 WL 125337**

C.A.8,1992
U.S. v. Walcott
966 F.2d 1459, 1992 WL 125337 (C.A.8 (Minn.))

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, SUSAN BYRD, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 200 West Santa Ana Blvd., Suite 800, Santa Ana, California 92701.

On August 12, 2008, I served the foregoing **AFFIDAVIT OF JOLYNN MARKISON IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND FOR A PERMANENT INJUNCTION** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

J. FRANK WEBSTER                    DEFENDANT
1502 VIA ELISA DRIVE                mr.hotdog@cox.net
EL CAJON, CA  92021                 619 328-5893

| | |
|---|---|
| ✓ | **BY FIRST CLASS MAIL:** I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with first-class postage thereon fully prepaid. I am readily familiar with my employer's practice for the collection and processing of mail. Under that practice, envelopes would be deposited with the U.S. Postal Service that same day, with first class postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown in this proof of service. |
| | **BY FACSIMILE:** I caused the document to be transmitted by a facsimile machine compliant with Rule 2003 of the California Rules of Court to the offices of the addressees at the telephone numbers shown on the service list. |
| | **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the offices of the addressees. |
| | **BY FEDERAL EXPRESS:** I am readily familiar with my employer's practice for the collection and processing of FedEx packages. Under that practice, packages would be deposited with FedEx that same day, with overnight delivery charges thereon fully prepaid, in the ordinary course of business. |
| X | **(Federal Courts Only)** I declare that I am employed in the office of a member of the court at whose direction this service was made. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on August 12, 2008, at Santa Ana, California.

_____
SUSAN BYRD