```
 1 | JAMES P. COLLINS, JR. (SBN 47608)
   | COTKIN & COLLINS
 2 | A PROFESSIONAL CORPORATION
   | 200 West Santa Ana Blvd., Suite 800
 3 | P.O. Box 22005
   | Santa Ana, CA 92702-2005
 4 | Telephone:  (714) 835-2330
   | Facsimile:  (714) 835-2209
 5 | Email:  jpc@cotkincollins.com
 6 |
   | DAVID T. SCHULTZ (Minnesota State Bar #169730)
 7 | MASLON EDELMAN BORMAN & BRAND LLP
   | 3300 Wells Fargo Center
 8 | 90 South Seventh Street
   | Minneapolis, MN  55402-4140
 9 | Telephone: (612)672-8200
   | Facsimile:  (612) 672-8397
10 | Email: David.Schultz@maslon.com
11 |
   | Attorneys for Plaintiffs STEVEN SCHUSSLER
12 | and SCHUSSLER CREATIVE, INC.
```

                    UNITED STATES DISTRICT COURT

                    SOUTHERN DISTRICT OF CALIFORNIA

| STEVEN SCHUSSLER and SCHUSSLER CREATIVE, INC., | Case No. 07CV2016IEG AJB |
|---|---|
| Plaintiffs, | ERRATA TO AFFIDAVIT OF JOLYNN MARKISON IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND FOR A PERMANENT INJUNCTION |
| vs. | |
| J. FRANK WEBSTER, aka "MR. HOT DOG," aka "UNCLE FRANK," | DATE: August 18, 2008<br>TIME:  10:00 a.m.<br>PLACE: Courtroom 1 |
| Defendants. | |

PLEASE TAKE NOTICE that Exhibit "A" to the Declaration of Jolynn Markison filed and served on August 12, 2008 consisted of the incorrect case. Attached hereto is the

///

///

1 | correct Exhibit "A" to the Markison affidavit: a copy of
2 | the unpublished opinion in *Ostheimer v. Gall*, C.A. 9th
3 | (Mont.) 1992, number 91-35322.
4 |
5 | DATED: August 21, 2008    JAMES P. COLLINS, JR.
                              COTKIN & COLLINS
6 |                           A PROFESSIONAL CORPORATION
7 |                           DAVID T. SCHULTZ
                              MASLON EDELMAN BORMAN & BRAND LLP
8 |
9 |
10 |                          By _____
                                 James P. Collins, Jr.
11 |                              Attorneys for Plaintiffs
                                 STEVEN SCHUSSLER and SCHUSSLER
12 |                              CREATIVE, INC.

228025-1.wpd

-2-

Westlaw.

967 F.2d 589                                                                                                      Page 1
967 F.2d 589, 1992 WL 125377 (C.A.9 (Mont.))
(Table, Text in WESTLAW), Unpublished Disposition

Ostheimer v. Gall
C.A.9 (Mont.),1992.
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)
United States Court of Appeals, Ninth Circuit.
Anthony McIlvain OSTHEIMER; Mary Bacon Parke Ostheimer, Plaintiffs-Appellants,
v.
Veronica GALL, et al., Defendants-Appellees.
No. 91-35322.

Submitted June 4, 1991.[FN*]
Decided June 8, 1992.

Appeal from the United States District Court for the District of Montana; No. CV-89-1467-M-CCL, Charles C. Lovell, District Judge, Presiding.
D.Mont.

AFFIRMED.

Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.

MEMORANDUM [FN**]

*1 Anthony and Mary Ostheimer appeal pro se the dismissal of their complaint and the imposition of sanctions and attorney's fees. They brought suit against the Internal Revenue Service, individual agents of the IRS, and against persons and corporations who honored the IRS levies. We affirm.

Proper service was not made upon the United States or its officers or agents pursuant to Federal Rules of Civil Procedure 4(d)(4) and 4(d)(5).[FN1] Judge Lovell, in his order granting the Ostheimers' motion to proceed in forma pauperis, informed them that "by naming particular individuals as officers of the Internal Revenue Service, [they] have made a claim against the United States acting through the Department of Internal Revenue."

To avoid dismissal for failure to serve the complaint and summons on the proper party, the Ostheimers must show "good cause". See Fimbres v. United States, 833 F.2d 138 (9th Cir.1987). Because they offered no reasons for their failure to serve the United States, the district court properly dismissed their complaint.

The district court also properly dismissed the nonfederal appellees who honored the IRS levies. 26 U.S.C. § 6332(a) [FN2] requires that any person possessing property must surrender that property upon receipt of an IRS levy. Section 6332(e) [FN3] immunizes those who comply with the levy. Because those appellees complied with the levy, they are statutorily immune from liability.

Both federal and non-federal appellees request costs and attorney's fees. Although the courts are generally more solicitous of the rights of pro se litigants, Borzeka v. Heckler, 739 F.2d 444, 447 n. 2 (9th Cir.1984), the Ostheimers are not entitled to special treatment. They are appearing here for the second time, raising a number of similar issues. In Ostheimer v. Lindquist, No. 90-35247, we affirmed the district court's summary judgment in favor of the IRS and denial of a writ of mandamus.

The Ostheimers are well aware of the frivolousness of their appeal. We award both sets of appellees their attorney's fees and costs on this appeal and we also affirm the district court's award of sanctions.

AFFIRMED.

> FN* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4.
>
> FN** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
>
> FN1. Fed.R.Civ.P. 4(d)(4) states:

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT "A"

service is made upon the United States by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney, and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

Fed.R.Civ.P. 4(d)(5) states that:

service is made upon an officer or agency of the United States by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.

FN2. 26 U.S.C. § 6332(a) states:

Any person in possession of ... property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights ... to the Secretary.

FN3. 26 U.S.C. § 6332(e) states:

Any person in possession of ... property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property ... to the Secretary ... shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

C.A.9 (Mont.),1992.
Ostheimer v. Gall
967 F.2d 589, 1992 WL 125377 (C.A.9 (Mont.))

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, SUSAN BYRD, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 200 West Santa Ana Blvd., Suite 800, Santa Ana, California 92701.

On August 21, 2008, I served the foregoing **ERRATA TO AFFIDAVIT OF JOLYNN MARKISON IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND FOR A PERMANENT INJUNCTION** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| J. FRANK WEBSTER<br>1502 VIA ELISA DRIVE<br>EL CAJON, CA 92021 | DEFENDANT<br>mr.hotdog@cox.net<br>619 328-5893 |

| | |
|---|---|
| ✓ | **BY FIRST CLASS MAIL:** I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with first-class postage thereon fully prepaid. I am readily familiar with my employer's practice for the collection and processing of mail. Under that practice, envelopes would be deposited with the U.S. Postal Service that same day, with first class postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown in this proof of service. |
| | **BY FACSIMILE:** I caused the document to be transmitted by a facsimile machine compliant with Rule 2003 of the California Rules of Court to the offices of the addressees at the telephone numbers shown on the service list. |
| | **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the offices of the addressees. |
| | **BY FEDERAL EXPRESS:** I am readily familiar with my employer's practice for the collection and processing of FedEx packages. Under that practice, packages would be deposited with FedEx that same day, with overnight delivery charges thereon fully prepaid, in the ordinary course of business. |
| X | **(Federal Courts Only)** I declare that I am employed in the office of a member of the court at whose direction this service was made. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on August 21, 2008, at Santa Ana, California.

*/s/ Susan Byrd*
SUSAN BYRD

-3-