JAMES P. COLLINS, JR. (SBN 47608)
COTKIN & COLLINS
A PROFESSIONAL CORPORATION
200 West Santa Ana Blvd., Suite 800
P.O. Box 22005
Santa Ana, CA 92702-2005
Telephone: (714) 835-2330
Facsimile: (714) 835-2209
Email: jpc@cotkincollins.com


DAVID T. SCHULTZ (Minnesota State Bar #169730)
MASLON EDELMAN BORMAN & BRAND LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
Telephone: (612)672-8200
Facsimile: (612) 672-8397
Email: David.Schultz@maslon.com


Attorneys for Plaintiffs STEVEN SCHUSSLER
and SCHUSSLER CREATIVE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SCHUSSLER and SCHUSSLER CREATIVE, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> J. FRANK WEBSTER, aka "MR. HOT DOG," aka "UNCLE FRANK," <br><br> Defendants. | Case No. 07CV2016IEG AJB <br><br> PLAINTIFFS STEVEN SCHUSSLER'S AND SCHUSSLER CREATIVE, INC.'S REPLY TO DEFENDANT'S SUPPLEMENTATION OF THE RECORD |

## INTRODUCTION

This reply memorandum makes two points: (1) that the "new" materials filed by Defendant J. Frank Webster ("Webster")[1] do not support his factual claim that Plaintiff

---

[1] Defendant Webster's supplementation of the record pursuant to the Court's Order consists of 120 pages of e-mails sent by Mr. Webster to Mr. Schussler. All but one of those 120 pages were never produced in response to Defendants' Request for

Steven Schussler stole his idea; and (2) these new materials likewise do not support his legal claim that this alleged conduct constituted an actionable theft of intellectual property. Consequently, Plaintiffs are entitled to summary judgment on all of their claims herein.

## BACKGROUND INFORMATION[2]

On June 27, 2008, Plaintiffs served and filed their motion for summary judgment herein. Defendant responded on August 4 and Plaintiffs replied on August 11. The Court entertained oral argument on the motion on August 18, 2008, at which Defendant, proceeding *pro se*, represented to the Court that Mr. Schussler had, in fact, stolen his concept for The Hot Dog Hall of Fame. In light of that representation, the Court ordered Mr. Webster to supplement the record with such evidence on or before August 29, 2008. On August 29, Mr. Webster did supplement the record with a letter dated April 29, 2000, and 119 pages of e-mails from Mr. Webster to

---

Production of Documents, even though those Requests specifically called for production of these very e-mails. See, Request for Production No. 12; Request for Production No. 15, attached as Exhibit 2 to the Affidavit of David T. Schultz. Defendant's unexplained failure to produce any of these supposedly relevant communications until after the summary judgment motion was briefed and argued is inexcusable. Though the documents were specifically requested, and are responsive to those requests, however, they are not relevant to the issues in this case.

[2] The facts contained in this background section are all conduct and statements which are a matter of record in the Court's file and/or transpired at the motion hearing on Plaintiffs' motion for summary judgment. Accordingly, the Court may take judicial notice of these facts. See, Fed. R. Evid. 201(b); *Walker v. Woodford*, 454 F.Supp.2d 1007, 1022 (S.D. Cal. 2006)("Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed").

Mr. Schussler, on some of which Mr. Webster copied other recipients as well.

### ARGUMENT

**I. The Information Supplied By Mr. Webster Does Not Factually Establish His Claim That Schussler Stole His Concept.**

In order to understand the scope of Mr. Webster's claim that Mr. Schussler stole his idea, it is first necessary to identify those items of overlap that exist between Mr. Webster's grand plan for his Hot Dog Hall of Fame and Mr. Schussler's restaurant called The Hot Dog Hall of Fame. There are a number of items which Plaintiffs quite clearly did not steal from Mr. Webster. There is no allegation, much less any proof, that Mr. Schussler has opened a museum or created a public display of original hot dog memorabilia. Nor has Mr. Schussler stolen the concept of the Frankie Award or the concepts of distributing either a newsletter (whether titled "The Frankfurter Chronicles" or otherwise) or a "WeenieGram" for "time sensitive" hot dog news. In fact, the only elements in common between Mr. Webster's vision for his Hot Dog Hall of Fame and Mr. Schussler's business is a restaurant named Hot Dog Hall of Fame that sells gift items such as t-shirts and hats. Accordingly, the only alleged theft that has occurred is that Mr. Schussler stole the idea of naming his restaurant Hot Dog Hall of Fame. It cannot be gain said that opening a restaurant in conjunction with a gift shop is a new idea; nor is the idea of opening a restaurant that specializes in hot dogs novel. Thus, Mr. Webster's claim comes down to the notion that Plaintiffs

stole from him the name Hot Dog Hall of Fame for their restaurant.

    The materials recently submitted by Mr. Webster do not factually establish this claim of alleged theft. In fact, many are not even relevant to that claim as they concern Mr. Webster's friend, Hamburger Harry Sperl (*see, e.g.*, pp. 44-49), not Mr. Webster's vision of his Hot Dog Hall of Fame. Still other e-mails delineate various quirky ideas that Mr. Webster has had but about which there is no claim of misappropriation. Again, by way of example, the e-mails relating to the Frankie Awards fall into this category as do the e-mails concerning Mr. Webster's promotional idea of eating 50 hot dogs in 50 states in 50 days. That leaves simply the basic fact that, in a flurry of e-mails initiated by Mr. Webster, Mr. Webster discussed the notion of opening a Hot Dog Hall of Fame which would include a restaurant.

    These e-mails do not demonstrate that Mr. Schussler purloined his idea from Mr. Webster for the simple reason that they do not contradict the unchallenged Declaration of Mr. Schussler that he independently developed the idea of opening a hot dog restaurant called The Hot Dog Hall of Fame before he had ever heard of (or from) Mr. Webster. Given the ubiquity of hot dog restaurants in general, and the ubiquity of the phrase "hall of fame," used in any number of contexts, it is not the least bit surprising that such independent development could occur. The e-mails sent by Mr. Webster simply do not demonstrate otherwise.

Finally, and perhaps most importantly, the information submitted by Mr. Webster demonstrates conclusively that even before he contacted Mr. Schussler in June 2000, Mr. Webster's concept had already been in the public domain. For example, in his June 6, 2000, 8:48 a.m. e-mail (p. 36 of 125), Mr. Webster describes at length having participated in the ""Hall of Fame Hall of Fame" exhibit at the Yerba Buena Center for the Arts. In that e-mail, he notes that there were "over 50 articles written about this show." Plaintiffs previously submitted several of those articles to the Court. One included, apparently written by James O. Clifford of the Associated Press dated December 9, 1996, specifically refers to J. Frank "Uncle Frank" Webster from the Hot Dog Hall of Fame (*see*, pp. 80-85 of the August 29, 2008 submission).

In short, the materials submitted by Mr. Webster do not factually establish his allegation that Mr. Schussler obtained his idea for a restaurant called The Hot Dog Hall of Fame from Mr. Webster. Rather these materials simply demonstrate that Mr. Webster initially contacted Mr. Schussler, unbidden, and then over the ensuing twelve days sent him approximately 50 e-mails.

**II. The New Materials Do Not Establish That Mr. Webster's Claim Is Legally Viable.**

The gist of Mr. Webster's claim is that Mr. Schussler stole his protected intellectual property and thus Mr. Schussler has no right to use the name Hot Dog Hall of Fame for his restaurant. The materials recently submitted by Mr. Webster do not establish that his claim is legally viable.

1  Simply stated, Mr. Webster had no protectable intellectual
2  property which could legally be the subject of such a theft.
3      Mr. Webster's concept for a Hot Dog Hall of Fame has not
4  been patented and is not even patentable for the patent laws
5  protect inventions, not mere concepts.  35 U.S.C. 3101
6  ("Whoever invents or discovers any new and useful process,
7  machine, manufacture, or composition of matter, or any new
8  and useful improvement thereof, may obtain a patent
9  therefore…"); *Diamond v. Diehr*, 450 U.S. 175, 185 (1981)("An
10 idea itself is not patentable").
11     Similarly, Mr. Webster has no copyrights, for the simple
12 reason that the copyright laws do not protect an idea, but
13 the expression of an idea when that expression is reduced to
14 a tangible medium.  Thus, the concept of a Hot Dog Hall of
15 Fame museum/gift shop/restaurant is not copyrightable. *Selby*
16 *v. New Line Cinema Corp.*, 96 F.Supp.2d 1053, 1058 (C.D. Cal.
17 2000)("Copyright protection extends only to 'original works
18 of authorship fixed in any tangible medium of expression' and
19 expressly excludes ideas.")(citing 17 U.S.C. § 102).  Nor is
20 the phrase "Hot Dog Hall of Fame" subject to copyright
21 because the copyright laws do not protect incidental phrases.
22 *ETS-Hoken v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1081 n. 14
23 (9th Cir. 2000)("short phrases or expressions cannot be
24 copyrighted"); and *Butler v. Target Corp.*, 323 F.Supp.2d
25 1052, 1059 n. 4 (C.D. Cal. 2004)("[W]ords and short phrases
26 such as names, titles, and slogans "are not subject to
27 copyright protection")(citing 37 C.F.R. § 202.1).
28

Similarly, for the reasons discussed at length in Plaintiffs' summary judgment memorandum, Mr. Webster has no trademark—either under the common law or as a matter of federal or state registration—as he has not conducted any commercial activity under that name.

Nor is Mr. Webster's idea a protectable "trade secret" as he has undertaken no commercial activity in conjunction with it and has taken no commercially reasonable measures to protect his trade secret. *Religions Tech. Center v. Wollersheim*, 796 F.2d 1076, 1090-91 (9th Cir. 1986)(defining trade secret as information that (1) derives independent economic value from not being generally known to the public or to others who could obtain economic value from its disclosure; and (2) is the subject of reasonable efforts to maintain its secrecy). Mr. Webster sent a flurry of bizarre e-mails to Mr. Schussler and others without ever saying that his concept was secret, that is was the subject of a nondisclosure agreement or in any other way purporting to protect his alleged intellectual property. In short, Webster had an idea—an idea he repeatedly shared with numerous people, including the news media, but which he utterly failed to protect. Mr. Webster's recent submission does not establish his legal claim that Mr. Schussler misappropriated any intellectual property. As a consequence, Mr. Webster's statements to the contrary are false and defamatory, and Plaintiffs are entitled to summary judgment on all of their claims herein.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for summary judgment in its entirety.

DATED: September 8, 2008

JAMES P. COLLINS, JR.
COTKIN & COLLINS
A PROFESSIONAL CORPORATION

DAVID T. SCHULTZ
MASLON EDELMAN BORMAN & BRAND LLP

By _____
James P. Collins, Jr.
Attorneys for Plaintiffs
STEVEN SCHUSSLER and SCHUSSLER CREATIVE, INC.

-8-

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

  I, SUSAN BYRD, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 200 West Santa Ana Blvd., Suite 800, Santa Ana, California 92701.

  On September 8, 2008, I served the foregoing **PLAINTIFFS STEVEN SCHUSSLER'S AND SCHUSSLER CREATIVE, INC.'S REPLY TO DEFENDANT'S SUPPLEMENTATION OF THE RECORD** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

  J. FRANK WEBSTER        DEFENDANT
  1502 VIA ELISA DRIVE      mr.hotdog@cox.net
  EL CAJON, CA  92021       619 328-5893

| | |
|---|---|
| ✓ | **BY FIRST CLASS MAIL:**  I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with first-class postage thereon fully prepaid.  I am readily familiar with my employer's practice for the collection and processing of mail.  Under that practice, envelopes would be deposited with the U.S. Postal Service that same day, with first class postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown in this proof of service. |
| | **BY FACSIMILE:**  I caused the document to be transmitted by a facsimile machine compliant with Rule 2003 of the California Rules of Court to the offices of the addressees at the telephone numbers shown on the service list. |
| | **BY HAND DELIVERY:**  I caused such envelope to be delivered by hand to the offices of the addressees. |
| | **BY FEDERAL EXPRESS:**  I am readily familiar with my employer's practice for the collection and processing of FedEx packages.  Under that practice, packages would be deposited with FedEx that same day, with overnight delivery charges thereon fully prepaid, in the ordinary course of business. |
| X | **(Federal Courts Only)**  I declare that I am employed in the office of a member of the court at whose direction this service was made. |

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and

correct and that this document was executed on September 8, 2008, at Santa Ana, California.

_____
SUSAN BYRD